IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MOORE | § | |
| v. | § | CIVIL ACTION NO. 6:15cv656 |
| BRAD LIVINGSTON, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR CLASS CERTIFICATION**

The Plaintiff Michael Moore, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moore's lawsuit concerning an alleged use of force occurring on June 27, 2015. He has filed a motion asking that the lawsuit be certified as a class action. The magistrate judge issued a report recommending that the motion be denied because Moore did not allege or show that his claim contained questions of law or fact common to the class he wishes to certify, that his claims are typical of the claims or defenses of the class, or that he will fairly and adequately protect the interests of the class. The magistrate judge also determined that Moore failed to show that the prosecution of separate cases by individual members of the putative class would give rise to inconsistent adjudications, that the disposition of any of his claims would affect the rights of other individuals, or that the questions of law or fact common to the class predominate over those affecting individual members.

Moore's objections discuss the differences between the Texas and California penal systems and state that jurisdiction is conferred by the diversity statute, although he is a Texas resident and the only named plaintiff in his lawsuit against Texas prison officials. He contends that he is alleging "a common course of conduct maintained by the defendants" which is subject to common proof and that he will fairly and adequately protect the interests of the class. Moore further states that a motion for class certification cannot be defeated by arguing that the claims will ultimately fail on the merits and that courts lack authority to conduct a preliminary inquiry into the merits of a lawsuit in order to determine whether it may be maintained as a class action.

The magistrate judge properly determined that Moore's claims alleging excessive use of force are subject to individualized proof and that Moore's pleadings thereby fail to meet the requirements of typicality. Moore's contention that he will fairly and adequately protect the interests of the class is wholly conclusory and the magistrate judge correctly stated that as a general rule, *pro se* plaintiffs cannot fairly and adequately protect the interests of a class. Moore's objections concerning the Texas and California prison systems and his invocation of diversity jurisdiction are not relevant to class certification. The magistrate judge did not conduct any inquiry into the merits of Moore's claims in recommending that the motion for class certification. Moore's objections are without merit.

The Court has conducted a *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has concluded that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 16) is **ADOPTED** as the opinion of the district court. It is further

**ORDERED** that the Plaintiff Michael Moore's motion for class certification (docket no. 2)

is **DENIED**.

**SIGNED this 8th day of March, 2016.**


MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE