IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY MOORE | § | |
| v. | § | CIVIL ACTION NO. 6:15cv656 |
| DIRECTOR, TDCJ-CID, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Moore, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Moore's complaint alleged that on June 27, 2015, he was assaulted by officers Fuge, Jones, Moore, and Lucas. The complaint was postmarked on June 29, 2015, and received by the Court on July 1, 2015.

The magistrate judge determined that Moore plainly could not have exhausted his administrative remedies by filing a Step One grievance, receiving a response, filing a Step Two appeal, and receiving a response in the two days between the incident and the mailing of his complaint. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (pre-filing exhaustion of administrative remedies is mandatory and district courts lack discretion to excuse the failure to exhaust). Nonetheless, the magistrate judge gave Moore the opportunity to respond to the issue of exhaustion.

1

In his response, Moore insisted that he did exhaust his administrative remedies, attaching a Step One grievance and a Step Two appeal. The Step One grievance was signed on June 30, 2015, after the complaint was postmarked, and the response to the Step Two appeal stated that the June 27 incident is being investigated.

After review of the pleadings, the magistrate judge determined that the grievances furnished by Moore show that he had not completed the grievance procedure at the time the lawsuit was filed, but *Gonzalez* held that completion of the exhaustion process was required before the lawsuit was filed. The magistrate judge therefore recommended that the lawsuit be dismissed without prejudice for failure to exhaust administrative remedies.

In his first set of objections to the magistrate judge's report, filed on April 11, 2016, Moore contends that he did exhaust his administrative remedies, as shown by the Step Two grievance appeal he sent to the Court. However, the Step One and Step Two grievances which Moore furnished show that he did not begin the administrative remedy process until after his complaint had already been mailed. The Fifth Circuit held that "district courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez*, 702 F.3d at 788. Moore argues that he completed the exhaustion process while the federal proceeding was ongoing, but this is irrelevant; the exhaustion process must be completed before the lawsuit is filed. This contention is without merit.

Second, Moore cites a Second Circuit case stating that a district court considering dismissal for failure to exhaust must first establish from a legally sufficient source that an administrative remedy is available. The two-step TDCJ grievance procedure is an available administrative remedy for inmates confined within the TDCJ system. *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). The grievances furnished by Moore show that this procedure was available to him.

Third, Moore states that because failure to exhaust is an affirmative defense, the burden is on the defendants to show that the prisoner has not exhausted. While this is generally correct, the Fifth Circuit has held that when the face of the complaint makes clear that a prisoner has failed to exhaust administrative remedies, the district court may dismiss the complaint without requiring an answer from the defendants. *Dillon v. Rogers*, 596 F.3d 260, 272 n.3 (5th Cir. 2010); *Carbe v. Lappin*, 492 F.3d 325, 327-28 (5th Cir. 2007). The face of Moore's complaint made clear that he had not met the mandatory requirement of pre-filing exhaustion. This objection is without merit.

Moore next states that his claims are "mixed" and that the report of the magistrate judge is "thin to the point of pretext." He speculates that "the assumed reason is acting as a cover, allowing the defendants to close its [sic] eyes to facts in an effort to evade or avoid an obvious truth, and then its meaning in Black's Law Dictionary would be both unreasonable as well as erroneous." He again insists that he exhausted his administrative remedies and asserts that the bulk of his claims consist of malfeasance, misfeasance, and nonfeasance, but the magistrate judge "closed its [sic] eyes to all my claims that have been exhausted under the PLRA." He contends that a state official enforcing an unconstitutional act is not acting for the sovereign and thus not protected by the Eleventh Amendment and that a suit against a government official in his official capacity is the same as a suit against the entity for which the officer is an agent. Moore's complaint was not "mixed," in that it did not contain both exhausted and unexhausted claims. None of these objections show that the magistrate judge erred in determining that Moore failed to satisfy the mandatory pre-filing exhaustion requirement.

In his second set of objections, filed on April 15, 2016, Moore argues that the magistrate judge acknowledged the grievances he filed, of which the Step Two grievance was signed on July 24, 2015. Moore states that this grievance said the incident was "pending investigation," but this investigation has been "pending" for nine months. He maintains that "the state has been using a false 'pending investigation' claim to stop this proceeding from moving forward."

Moore goes on to assert that if a prisoner does not receive a response to his grievance at the final appeal level and the time for response has passed, the prisoner has exhausted his administrative remedies. He attaches copies of Step One and Step Two grievances (not the same ones that he originally furnished). The Step One grievance, signed on June 30, 2015, complains about the incident of June 27, and the response, dated July 23, 2015, was that a copy of the grievance had been forwarded to the central grievance officer for review by the Office of the Inspector General, and it was the decision of the Inspector General not to open a case. The Step Two grievance appeal, signed on July 25, complained about the alleged use of force and asserted that the officers involved had falsified records to obstruct the investigation. The response to this grievance appeal, signed on August 7, was that the issue had been reviewed by the Office of the Inspector General and that office determined that there was insufficient evidence to warrant opening a case. No further action would be taken.

Whether or not these grievances show that Moore exhausted his administrative remedies after filing his lawsuit, the Fifth Circuit has made clear that post-filing exhaustion is irrelevant. Administrative remedies must be exhausted before the lawsuit is filed. 42 U.S.C. §1997e; *Gonzalez*, 702 F.3d at 788. Because Moore did not do so, the magistrate judge properly recommended that the lawsuit be dismissed without prejudice.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 32) is **ADOPTED** as the opinion of the District Court. It is further

4

**ORDERED** that the above-styled civil action is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**SIGNED this 22nd day of April, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE